EMILY M. HOWE *vs.* WILLIAM R. ANDREWS.

Hartford Dist., May T., 1892.  ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and THAYER, Js.

A mill-owner who has a pondage right in land of a proprietor above, is not the absolute owner of the ice formed upon the pond, but has the right to have it remain so long as it will be of benefit to him in the use of the water for his mill.

The owner of the soil may use the water of the stream for domestic purposes, for watering his cattle, for irrigation, and for any use not inconsistent with the rights of the mill-owner, although it is ponded, but he has not the right, as matter of law, to take the ice for mercantile purposes where its removal would cause a material injury to the mill-owner.

[Argued June 2d—decided December 6th, 1892.]

ACTION for damages for entering and carrying away ice from a millpond of the plaintiff; brought to the Superior Court in Tolland County, and tried to the jury before *Fenn, J.* Verdict for the plaintiff and appeal by the defendant for errors in the charge of the court.

*E. B. Sumner* and *H. Clark,* for the appellant.

*G. A. Conant* and *J. T. Lynch,* for the appellee.

THAYER, J. The plaintiff owns a grist-mill and saw-mill situated upon her own land, and to supply water for operating the mills, maintains a dam upon lands owned by the defendant and others, and thereby sets back the water of a small stream, creating a shallow pond which covers about three and one half acres of their land. The defendant took and carried away for mercantile purposes ice formed upon the pond, and to facilitate such taking and removal drove teams over the earthwork of the dam and set wooden posts therein.

Upon the trial to the jury the defendant's title to any of the land flowed was disputed by the plaintiff, and the plaintiff's right to use the ponded water for the purposes of the saw-mill was denied by the defendant, but for the purposes of the present consideration it may be assumed that the plaintiff had the right to maintain her dam and use the water of the pond for both of her mills, and that the defendant had the title to the land flowed.

Each party upon the trial claimed the absolute ownership of the ice formed upon the pond, the plaintiff as incident to her right of pondage, the defendant as incident to his right to the soil. The chief questions raised by the appeal relate to the correctness of the judge's charge as given, and of his refusal to charge as requested, touching the defendant's right to the ice.

Every owner of land through which a stream of water runs has ordinarily a right to the use of the water of the stream as it is wont to run. This right may however be parted with. A lower proprietor may by purchase, adverse user, or by proceedings under the flowage act, acquire the right to dam the stream and set back the water upon the land of the proprietor above, and to use the water thus ponded in various ways and for various purposes. Unless the upper proprietor has parted with or lost his right to so use the water of the stream he may doubtless use it for domestic purposes, and for watering his stock and irrigating his land, although it has been thus ponded. He may make any use of it not inconsistent with the original or acquired rights of the owner

below—any use which works no actual and perceptible injury to his rights. When one has acquired the right to flow the lands of another for mill purposes only, the latter has not the right, as matter of law, to take and use for mercantile purposes the ice formed upon the pond over his land. This was expressly decided in *Mill River Woolen Manufacturing Co.* v. *Smith*, 34 Conn., 462. When such removal will cause a material injury to the pond-owner in his use of the water for his mill, it may not be removed. Whether it will so injure him depends upon the facts and circumstances of each particular case and the question must be determined by the trier.

The defendant in his first and third requests asked the court in effect to charge without qualification that the ice upon the pond belonged to the defendant as owner of the soil, and, in the fifth request to charge that as owner of the soil the defendant had the absolute right to remove the ice from the pond. The court correctly refused to charge as thus requested.

The court instructed the jury that the plaintiff as owner of the pondage right was not the absolute owner of the ice formed upon the pond, but that she had the right to have the ice remain upon the pond so long as and whenever such continuance would be useful to her in the legitimate exercise of her right to use the water as motive power for her mills, and that subject to this right, and only subject to it, the defendant as owner of the soil might make such use of the ice as did not interfere with or injure the plaintiff in her rights. This was a correct statement of the law and a compliance with the defendant's second, fourth, sixth and ninth requests to charge, so far as they were applicable to the case. The judge however at the close of his charge read the defendant's requests, the ninth and fourth, with comments as follows :—

" ' Every proprietor of land through which a natural water course runs has an equal right to the use of it for every useful purpose to which it can be applied, as it is wont to run, without diminution or alteration ; and a diminution of

the water by a riparian proprietor is not a violation of an adjoining or down-stream proprietor's rights, unless such diminution is an actual injury to such adjoining or down-stream proprietor.' Now, gentlemen, this request, while generally speaking correct, should as applied to this case be taken with certain limitations which I have already explained to you. Subject to those limitations which I have already given to you, I charge the same to be the law of the case. And also, subject to a like limitation, I charge you as further requested by the defendant, 'that the defendant has a right to use the water of the pond for watering his cattle, irrigating his lands, for domestic purposes, and for any reasonable profit or advantage, which does not, in a perceptible or substantial degree, impair the operation of the plaintiff's mill.' "

The defendant insists that by attaching the limitation referred to the court in fact refused to charge as requested— " that the defendant, as owner of the soil might use the ice upon the pond for any reasonable profit or advantage which did not in a perceptible and substantial degree impair the operation of the plaintiff's mill." While, generally speaking, the ninth request is a correct statement of the law, if given without limitation it would leave the jury to understand that in the present case the taking of the ice was not a violation of the plaintiff's rights if she still had the use of the stream as it was wont to flow. The court had already instructed the jury that if the plaintiff had the right to pond the water for mill purposes she had the right to have the ice remain upon the pond so long as and whenever its continuance would be useful to her in the operation of her mills, and that the defendant in his use of the water was subject to this right of the plaintiff. The court was correct in keeping this limitation of the defendant's right in view and in applying the law of the request to the facts of the case in hand. And the same may be said regarding the like limitation of the fourth request.

Several reasons of appeal are based upon that portion of the charge wherein the jury were told that the defendant

might become liable for implied damages "by the doing under a claim of right and without the license and consent of the plaintiff, of acts done persistently in defiance and disregard of her rights, regardless of whether they in fact injured her or not, and calculated to cause such injury, and calculated also, if continued, to ripen into rights by adverse user," and the reading in connection therewith of a portion of the opinion in *Parker* v. *Griswold*, 17 Conn., 301. The jury were told that the damages in such a case would be merely nominal or trivial. A verdict was returned for substantial damages, and it thus appears that the jury must have found an actual specific injury to the plaintiff, and the defendant has not been injured by this portion of the charge. It is therefore unnecessary to consider the questions raised by these reasons of appeal.

The language complained of in the second reason of appeal must be taken in connection with the words which immediately follow it. When so taken it is a correct statement of facts and was unexceptionable. The court was also correct in construing the deeds which were in evidence and leaving it to the jnry to determine whether the deeds referred to the land in question.

Several other errors are alleged to have occurred in the charge, but as they were not much insisted on in the argument and manifestly worked no injury to the defendant, it is unnecessary to consider the questions.

There is no error in the judgment appealed from.

In this opinion ANDREWS, C. J., and CARPENTER and TORRANCE, Js., concurred. SEYMOUR, J., concurred in the result, but died before the opinion was written.